IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRENIA REYNOLDS AND
BRUCE REYNOLDS                                                                                  PLAINTIFFS

VS.                                                         CIVIL ACTION NO. 3:15cv764-HTW-LRA

WERNER ETNERPRISES, INC. ET AL                                                  DEFENDANTS

## ORDER

On August 19, 2016, the Court heard argument by telephonic hearing regarding Plaintiff's request to strike Theresa Martin's proposed depositions changes [95]. Having considered the pleadings, the applicable law, and argument of counsel, the Court finds that the motion is well-advised and shall be granted.

The Court finds that the changes Defendant Martin wishes to make are substantive in nature. Rule 30 (e) of the Federal Rules of Civil Procedure provides:

> (1) ***Review; Statement of Changes***. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
> (A)   to review the transcript or recording; and
> (B)   if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.
> (2) ***Changes Indicated in the Officer's Certificate.*** The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

In this case, Theresa Martin proposed to change several answers given in her deposition, and she filed her proposed changes on the errata sheet within the 30-day period.

However, she failed to give any "reasons for making them," as required by the rule. As Plaintiff points out, the Fifth Circuit has stated that strict compliance with Rule 30 (e)(1) is required. *Reed v. Hernandez*, 114 Fed. Appx. 609, 611 (5th Cir. 2004) ("Rule 30(e) does not provide any exceptions to its requirements."). The Court in *Reed* affirmed the lower court's exclusion of the errata sheet based on its untimely filing but declined to address whether the subject matter of the proposed changes was appropriate. Although the *Reed* case involved facts more egregious, and is distinguishable, the holding does compel a finding that the technical requirements of the rule must be met.

In *Betts v. Gen'l Motors Corp.*, No. 3:04cv169-M-A, 2008 WL 2789524, at *2 (N.D. Miss. July 16, 2008), Judge Mills cited *Reed* and struck an errata sheet with changes because the deponent failed to incorporate his reasons for the changes within the 30-day period. He also denied the request to submit an amended errata sheet, holding:

> This court, however, finds it highly probable from the holding of *Reed v. Hernandez* that the Fifth Circuit would require strict compliance with the procedural aspects of Rule 30. In *Reed*, the Fifth Circuit affirmed a district court's determination to exclude an errata sheet based on its untimely filing and improper subject matter stating, "Rule 30(e) does not provide any exceptions to its requirements." [citation omitted]. The Fifth Circuit's emphasis on the importance of following the rules' explicit instructions on the thirty-day time period clearly carries to the requirement that a deponent provide reasons for any proposed changes or corrections to a deposition.

*Id*.

As in *Betts*, Defendant Martin did not give her reasons for the proposed changes within the 30-day period, and the Court finds that Plaintiff's motion should be granted.

The Fifth Circuit has not directly addressed the scope of Rule 30(e), although it has stated that it "do[es] not necessarily disagree" that a deponent can make substantive changes to his deposition. *Gonzalez v. Fresenius Med. Care N. Am.,* 689 F.3d 470, 480 (5th Cir. 2012). See also *Holstine v. National Railroad Passenger Corporation*, 3:14cv58-DPJ-FKB, 2015 WL 3766804 (S.D. Miss., June 16, 2015) (quoting *Gonzalez*).

As discussed in numerous cases, the federal courts are split into at least two camps as to whether substantive changes shall be allowed. *United States v. Louisiana*, ___ F. Supp. 3d ___, No. 3:11cv470-J.D., 2016 WL 4055648 at *47 (M.D. La. July 26, 2016). A majority of courts point to the rule's "plain terms" and permits changes that contradict the original answers, even those not supported with a convincing explanation as long as the deponent complies with the rule itself. *Id*., citing *Poole v. Gorton Lines AB*, 908 F.Supp.2d 778, 785-86 (W.D. La. 2012). A "substantial and growing minority" of courts "hold that Rule 30(e) is to be used for corrective, and not contradictory changes." *Id*., citing *Hambleton Bros. Lumber Co. v. Balkin Enters*, 397 F.3d 1217, 1225-26 (9th Cir. 2005) (collecting cases.).

The court in the *United States v. Louisiana* case described this minority view:

> A vision animates this school: if a deponent can freely revise their testimony afterward, the deposition has become a "take home examination," and its utility as a discovery device wholly forfeited. *Greenway v. Int'l Paper Co.,* 144 F.R.D. 322, 325 (W.D. La. 1992) (other citations omitted).

*Id.* at *47. That court did not choose which "camp" was appropriate but found that the proposed change was substantive, as in the instant case. It held that a district court

3

"enjoys the discretion" to order that a deposition be reopened "so that the revised answers may be followed up on and the reason for the corrections explored" and "subjected to proper scrutiny."  *Id.*, citing *Poole,* 908 F.Supp. 2d at 786.

Magistrate Judge Michael Parker had a similar issue before him in the case of *Walker v. George Koch Sons, Inc.*, No. 2:07cv278-KS-MTP, 2008 WL 4371372 (Sept. 18, 2008).  He gave a thorough review of the two camps, and called the courts which did not allow substantive changes the "growing minority view," or the "recent trend." *Id.* at *2, citing *Reilly v. TXU Corp.*, 230 F.R.D. 486, 487-88 (N.D. Tex. Aug. 14, 2005).  He cites the *Betts* case as adopting the majority view and according "a plain meaning approach or literal interpretation..." to Rule 30.  *Id.*  Judge Parker also followed the "majority" approach, although he found the changes to be troubling. *Id.* at *3.  For this reason, the court implemented safeguards, allowing the defendant to reopen the witness's deposition and directing the plaintiff to pay reasonable attorney's fees and costs incurred by the reopening.  *Id.*  The court also ruled that the original deposition testimony, the new answers on his errata sheet, and any new testimony could be used for any purpose allowed by the rules of evidence or procedure.  *Id.*

Had the 30-day requirement been complied with in the case now before the Court, the undersigned would have been inclined to follow the majority rule, as did Judges Parker and Mills, and to allow the changes.  However, the same strict safeguards would have been directed, with Defendants to bear all costs of reopening the deposition.  Defendants contend that Plaintiff would not have been prejudiced by the changes they

4

wish to make.  Conversely, the undersigned finds that Defendants will not be prejudiced if the motion is granted, as Defendant Martin may explain and supplement her deposition testimony via live testimony.  Defendants contend that the changes were "minor," and Martin may explain her testimony and give the reasons for the seeming contradictions with her deposition testimony.  In any event, each side will be able to examine Defendant Martin at trial.

Defendants are correct that the undersigned interprets Local Rule 37 as requiring good faith conferral prior to filing the instant motion, as the motion to strike the errata sheet does involve a "discovery dispute."  The Court always prefers that counsel confer in good faith in an effort to resolve any dispute prior to requesting the Court's intervention.  However, compliance with Local Rule 37 is sometimes waived by the Court when it is obvious that the controversy could not have been resolved without the Court's intervention.   The Court waives the local rule's requirement in this case but does not have the discretion to waive the requirements of Fed.R.Civ. P. Rule 30(e).

IT IS, THEREFORE, ORDERED that Plaintiffs' Motion to Strike Theresa Martin's Proposed Deposition Changes [95] is **granted**.

SO ORDERED, this the 13th day of September, 2016.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE